JPL:JV/DAS
F. #2019R01298

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-                          Docket No. 19-CR-492 (MKB)

QUINCY THORPE and
EMMANUEL ASUQUO OKON,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X


## THE GOVERNMENT'S REQUESTS TO CHARGE


BREON PEACE
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201


John Vagelatos
Dylan A. Stern
Assistant U.S. Attorneys
    (Of Counsel)

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

REQUEST NO. 1 (General Requests) ..................................................................................... 2

REQUEST NO. 2 (The Indictment)......................................................................................... 3

REQUEST NO. 3 (Consider Each Defendant Separately) ..................................................... 4

REQUEST NO. 4 (Knowingly, Intentionally, Willfully) ....................................................... 5

A.     Knowingly................................................................................................................... 5

B.     Willfully...................................................................................................................... 5

C.     Intentionally ............................................................................................................... 5

REQUEST NO. 5 (Count One: Conspiracy to Steal Cargo) .................................................. 7

A.     Conspiracy Generally................................................................................................. 8

B.     Elements of Conspiracy ............................................................................................. 8

REQUEST NO. 6 (Elements of Cargo Theft) ...................................................................... 14

REQUEST NO. 7 (Count Two: Cargo Theft) ...................................................................... 18

REQUEST NO. 8 (Aiding and Abetting) .............................................................................. 19

REQUEST NO. 9 (Conscious Avoidance (if applicable))................................................... 21

REQUEST NO. 10 (Evidence Obtained Lawfully)............................................................... 23

REQUEST NO. 11 (Proof of Motive Not Required)............................................................ 24

REQUEST NO. 12 (Other Persons Not on Trial (if applicable)) ......................................... 25

REQUEST NO. 13 (Co-Conspirator Statements and Liability) ........................................... 26

REQUEST NO. 14 (Consciousness of Guilt from False Exculpatory Statement
(if applicable))..................................................................................................................... 28

REQUEST NO. 15 (Admission of a Co-defendant (if applicable)) ..................................... 29

REQUEST NO. 16 (Defendant's Right Not to Testify (if applicable))................................ 30

REQUEST NO. 17 (Testimony of Defendant (if applicable)) ............................................. 31

REQUEST NO. 18 (Expert Witnesses (if applicable)).................................................................... 32

REQUEST NO. 19 (Character Evidence (if applicable)) ............................................................ 33

REQUEST NO. 20 (Preparation of Witnesses) ............................................................................ 34

REQUEST NO. 21 (Uncalled Witnesses Equally Available (if applicable))............................... 35

REQUEST NO. 22 (Charts and Summaries (if applicable)) ......................................................... 36

REQUEST NO. 23 (Redactions (if applicable)).......................................................................... 37

CONCLUSION.............................................................................................................................. 38

## PRELIMINARY STATEMENT

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the government respectfully requests that the Court include the following instructions in its charge to the jury. The government also requests leave to offer additional instructions as may become appropriate during the course of the trial.

REQUEST NO. 1
(General Requests)

The government requests that the Court charge the jury in its usual manner on the following subjects:

a.   Role of the Court and the Jury;

b.   Jury Communications with Lawyers and the Court;

c.   Equality of the Parties Before the Court;

d.   Presumption of Innocence and Burden of Proof;

e.   Reasonable Doubt;

f.   Function of the Indictment and What Is Not Evidence;

g.   Dates and Amounts Approximate;

h.   The Meaning of "and" in the Indictment;

i.   What Constitutes Evidence, and Permissible Inferences from Evidence;

j.   Stipulations (if applicable);

k.   Credibility of Witnesses and Discrepancies in Testimony;

l.   Testimony of Law Enforcement Witnesses;

m.   Particular Investigative Techniques Not Required;

n.   All Available Evidence Need Not Be Produced;

o.   Punishment;

p.   Basing Verdict on Sympathy is Impermissible;

q.   Race, Religion, National Origin, Sex or Age;

r.   Right to See Exhibits and to Have Testimony Read During Deliberations;

s.   Duty to Consult and Need for Unanimity; and

t.   Deliberations.

REQUEST NO. 2
(The Indictment)

The defendants are formally charged in an indictment.  As I instructed you at the beginning of this case, an indictment is a charge or accusation.  The Indictment in this case contains a total of two counts.  You must, as a matter of law, consider each count of the Indictment and each defendant's involvement in that count separately, and you must return a separate verdict on each count.  Both counts relate to an alleged theft of cargo containing approximately $258,205 in United States and foreign currency from John F. Kennedy International Airport in Queens, New York.

In reaching your verdict, bear in mind that the evidence as to each count stands or falls upon the proof or lack of proof as to that count alone, and your verdict as to one count should not control your decision as to any other count.  No other considerations are proper.

Authority

Adapted from Sand, et al., Modern Federal Jury Instructions ("Sand"), Instruction 3-6.

REQUEST NO. 3
(Consider Each Defendant Separately)

The indictment names two defendants who are on trial together.  In reaching a verdict, however, you must bear in mind that guilt is individual.  Your verdict as to each defendant must be determined separately with respect to him, solely on the evidence, or lack of evidence, presented against him without regard to the guilt or innocence of anyone else.

(If applicable: In addition, some of the evidence in this case was limited to one defendant.  Let me emphasize that any evidence admitted solely against one defendant may be considered only as against that defendant and may not in any respect enter into your deliberations on any other defendant.)

Authority

Sand, Instruction 3-5.

4

REQUEST NO. 4
(Knowingly, Intentionally, Willfully)

During these instructions, you will hear me use the terms "knowingly," "willfully," and "intentionally."  Therefore, I will define these terms for you.

A.    Knowingly

To act "knowingly" means to act intentionally and voluntarily, and not because of ignorance, mistake, accident, negligence, or carelessness.  Whether the defendant acted knowingly may be proven by his conduct and by all of the facts and circumstances surrounding the case.

B.    Willfully

Certain allegations in the Indictment require that the government prove beyond a reasonable doubt that the defendant acted "willfully."  "Willfully" means to act voluntarily, purposefully and deliberately, and with an intent to do something the law forbids; that is to say, with a bad purpose either to disobey or to disregard the law.   The government need not prove that the defendant was aware of the specific law or rule that his conduct may be violating, but must prove that the defendant acted with knowledge that his conduct was, in a general sense, unlawful.  A defendant's conduct is not "willful" if it was due to negligence, inadvertence, or mistake.

C.    Intentionally

A person acts "intentionally" when he acts deliberately and purposefully.  That is, the defendant's acts must have been the product of his conscious objective decision rather than the product of a mistake or accident.

Whether a person acted knowingly, willfully, or intentionally is a question of fact for you to determine, like any other fact question.  Direct proof of knowledge and criminal intent

is almost never available.  It would be a rare case where it could be shown that a person wrote or

stated that as of a given time in the past he committed an act with criminal intent.  Such direct

proof is not required.  The ultimate facts of knowledge and criminal intent, though subjective,

may be established by circumstantial evidence, based upon a person's outward manifestations,

his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence

and the rational or logical inferences that may be drawn therefrom.  In either case, the essential

elements of the crime charged must be established beyond a reasonable doubt.

<u>Authority</u>

Modified from the jury charges of the Hon. Margo K. Brodie, <u>United States v. Ng Chong Hwa</u>, 18-CR-538 (S-2) (MKB) (hereinafter, "<u>Ng</u>"); the jury charges of the Hon. Kiyo A. Matsumoto, <u>United States v. Shkreli</u>, No. 15-CR-637 (E.D.N.Y. 2017) (hereinafter "<u>Shkreli</u>"), and <u>United States v. Rivera, et al.</u>, No. 13-CR-149 (E.D.N.Y. 2015) (hereinafter "<u>Rivera</u>"); the jury charge of the Hon. Dora L. Irizarry, <u>United States v. Lange, et al.</u>, No. 10-CR-968 (E.D.N.Y. 2014) (hereinafter "<u>Lange</u>"); Sand, Instructions 3A-1, 3A-3, 3A-4.

REQUEST NO. 5
(Count One: Conspiracy to Steal Cargo)

Count One of the Indictment charges the defendants Quincy Thorpe and

Emmanuel Asuquo Okon with conspiracy to steal cargo as follows:

On or about September 24, 2019, within the Eastern District of New York, the defendants QUINCY THORPE and EMMANUEL ASUQUO OKON, together with others, did knowingly and willfully conspire to steal, unlawfully take and carry away from an air terminal, airport, aircraft terminal and air navigation facility, to wit: John F. Kennedy International Airport in Queens, New York ("JFK Airport"), goods and chattels of a value of $1,000 or more, to wit: a bag containing United States and foreign currency of approximately $258,205 in value, which were moving as, were part of and which constituted an interstate shipment of freight, express and other property, with intent to convert said goods and chattels to their own use, contrary to Title 18, United States Code, Section 659.

In furtherance of the conspiracy and to effect its objects, the defendants QUINCY THORPE and EMMANUEL ASUQUO OKON, together with others, did commit and cause the commission of, among others, the following:

OVERT ACTS

(a)  On or about September 24, 2019, at JFK Airport, THORPE stole a bag containing cash from a shipment destined for Miami, Florida.

(b)  On or about September 24, 2019, at JFK Airport, THORPE concealed the stolen bag and its contents in a luggage trailer attached to a vehicle.

(c)  On or about September 24, 2019, at JFK Airport, THORPE brought the stolen bag and its contents into a car that OKON drove.

(d)  On or about September 24, 2019, at JFK Airport, OKON drove the car containing the stolen bag and its contents away from JFK Airport.

The relevant statute on this subject is Title 18, United States Code, Section 371,

which provides, in pertinent part:

If two or more persons conspire . . . to commit any offense against the United States . . . , and one or more of such persons do any act

7

to effect the object of the conspiracy, each [is guilty of an offense against the United States].

A.  <u>Conspiracy Generally</u>

A conspiracy is a kind of criminal partnership, at the heart of which is an agreement or understanding by two or more persons to violate other laws.

A conspiracy to commit a crime is an entirely separate and different offense from the underlying crime that the conspirators agreed to commit.  A conspiracy is in and of itself a crime.  If a conspiracy exists, it is still punishable as a crime, even if it should fail to achieve its purpose or even if it was impossible for them to carry out their plan successfully.

The United States Congress has deemed it appropriate to make conspiracy a separate crime.  That is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

B.  <u>Elements of Conspiracy</u>

To prove the crime of conspiracy to steal cargo, the government must prove three elements beyond a reasonable doubt:

<u>First</u>, that two or more persons entered into an agreement to steal cargo, a crime I will define for you later in my instructions;

<u>Second</u>, that the defendant knowingly and willfully became a member of the conspiracy; and

<u>Third</u>, that any one of the conspirators—that is, one of the defendants or any member of the conspiracy—knowingly committed at least one overt act during the life of the conspiracy.

1.      <u>First Element: Existence of the Agreement</u>

The first element that the government must prove beyond a reasonable doubt for Count One is that two or more persons entered into the charged agreement to steal cargo.  One person cannot commit a conspiracy alone.  Rather, the proof must convince you that at least two persons joined together in a common criminal scheme.  The government need not prove that members of the conspiracy met together or entered into any express or formal agreement.  You need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or the means by which the scheme was to be accomplished.  It is sufficient to show that the conspirators tacitly came to a mutual understanding to accomplish an unlawful act by means of a joint plan or common design.

You may, of course, find that the existence of an agreement between two or more persons to violate the law has been established by direct proof.  But since, by its very nature, a conspiracy is characterized by secrecy, direct proof may not be available.  The government is not required to prove that the conspirators sat around a table and entered into a solemn contract, orally or in writing, stating that they have formed a conspiracy to violate the law, setting forth details of the plans, the means by which the unlawful project is to be carried out or the part to be played by each conspirator.  A conspiracy, by its very nature, is almost invariably secret in both origin and execution.  Therefore, you may infer the existence of a conspiracy from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words.  In determining whether an agreement existed here, you may consider the actions and statements of all those you find to be participants in the conspiracy as proof that a common design existed to act together for the accomplishment of the unlawful purpose stated in the Indictment.

2.      Second Element: Membership in the Conspiracy

The second element the government must prove beyond a reasonable doubt for Count One is that the defendant knowingly and willfully became a member in the charged conspiracy.  I have explained to you what it means to act knowingly and willfully.  A person acts knowingly and willfully if he acts voluntarily and with a bad purpose either to disobey or disregard the law, and not because of negligence, inadvertence, or mistake.  In other words, did the defendant participate in the conspiracy with knowledge of its unlawful purpose and with the intent to promote and cooperate in any one of its unlawful objectives?

Knowledge and willfulness may be inferred from a secretive or irregular manner in which activities are carried out.  Whether a defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

In order for a defendant to be deemed a member of a conspiracy, he need not have had a stake in the venture or its outcome.  While proof of a financial or other interest in the outcome of a scheme is not essential, if you find that a defendant did have such an interest, it is a factor you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the Indictment.

A defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them.

A defendant's knowledge may be inferred from the facts proved.  In that connection, I instruct you that, to become a member of the conspiracy, a defendant need not have been apprised of all of the activities of all members of the conspiracy or know the identities of all members of the conspiracy.  Moreover, a defendant need not have been fully informed as to all

of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.  In addition, a defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent or duration of a defendant's participation in a conspiracy has no bearing on the issue of guilt.  In considering whether a defendant participated in a conspiracy, be advised that a conspirator's liability is not measured by the extent or duration of his participation as he need not have been a member of the conspiracy for the entire time of its existence.  In addition, each member of the conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor parts in the scheme.  An equal role is not what the law requires.  Even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.  The key inquiry is simply whether a defendant joined the conspiracy charged with an awareness of at least some of the basic aims and purposes of the unlawful agreement and with the intent to help it succeed.

You may not infer that the defendant is guilty of participating in criminal conduct merely from the fact that he was present at the time the crime was being committed and had knowledge that it was being committed.  Similarly, you may not infer that the defendant was guilty of participating in criminal conduct merely from the fact that he associated with other people who were guilty of wrongdoing.

To find the defendants guilty of Count One, you must find that each defendant participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.  In sum, a defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking.  That

defendant thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

    3.    <u>Third Element: Overt Act</u>

The third element is the requirement of an overt act.  To sustain its burden of proof with respect to the conspiracies to steal cargo charged in Count One of the Indictment, the government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of the conspiracy by at least one of the co-conspirators—either of the defendants or any other member of the conspiracy.

As noted previously, Count One of the Indictment contains a section that describes certain alleged "overt acts."  But the government does not need to prove any of the specific overt acts alleged in the Indictment.  You may find that overt acts were committed that are not alleged in the Indictment.  Likewise, it is not required that all of the overt acts alleged in the indictment be proven.  Ultimately, the only requirement is that one of the members of the conspiracy has taken some step or action in furtherance of the conspiracy during the life of that conspiracy.

In other words, the overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage.  The requirement of an overt act is a requirement that some action be taken during the life of the conspiracy by one of the co-conspirators in order to further that conspiracy.

You need not reach unanimous agreement on whether a particular overt act was committed in furtherance of the conspiracy; you just need to all agree that at least one overt act was committed in furtherance of the conspiracy.

You should also bear in mind that the overt act, standing alone, may be an innocent, lawful act.  Frequently, however, an apparently innocent act loses its harmless

character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.

You are therefore instructed that the overt act does not have to be an act that in and of itself is

criminal or constitutes an objective of the conspiracy.

<u>Authority</u>

Modified from <u>Ng</u>; the jury charge of the Hon. Pamela K. Chen, <u>United States v. Juan Angel Napout, et al.</u>, 15-CR-252 (E.D.N.Y. 2017) (hereinafter "<u>Napout</u>"); <u>see also</u> <u>United States v. Kozeny</u>, 667 F.3d 122, 132 (2d Cir. 2011) ("The jury need not reach unanimous agreement on which particular overt act was committed in furtherance of the conspiracy."); the jury charges in <u>Shkreli</u> and <u>Rivera</u>; Sand, Instructions 6-3, 19-1, 19-3, 19-4, 19-6, 19-7.

REQUEST NO. 6
(Elements of Cargo Theft)

For you to determine whether the government has proven the charge of conspiracy to steal cargo, I need to explain the crime of cargo theft, which is alleged to be the object of the conspiracy charged in Count One.  The object of a conspiracy is the illegal goal the conspirators agreed or hoped to achieve.

Accordingly, the relevant statute on this subject is Title 18, United States Code, Section 659, which provides that:

> Whoever … steals, or unlawfully takes … from any … aircraft, air cargo container, air terminal, airport, aircraft terminal or air navigation facility … with intent to convert to his own use any goods … moving as or which are a part of or which constitute an interstate … shipment of freight, express or other property [commits a crime].

In order to prove the crime of cargo theft, the government must establish four elements beyond a reasonable doubt:

First, that the defendant unlawfully took (or aided and abetted the taking of) property;

Second, that at the time of the theft the property was part of an interstate shipment as described in the statute;

Third, that the defendant did so willfully and with the intent to convert the goods or property to his own use; and

Fourth, that the value of the stolen property had a total value in excess of $1,000.

1.    First Element: Unlawful Taking

The first element of the offense that the government must establish beyond a reasonable doubt is that the defendant unlawfully took (or aided and abetted the taking of) property.  The word "steal" as used in the statute means any taking whereby a person dishonestly

obtains that which rightfully belongs to another with the intent to deprive the owner of the rights and benefits of ownership.  To satisfy this element it is not necessary that the property was actually carried away from the shipment.  It is sufficient that someone took possession of the property with the intent to deprive the owner of his rights and privileges as to the goods.

Even if you find that the goods, for only a moment, passed out of the possession of the lawful custodian and into possession or under control of the defendant, you may find that those goods were stolen, and the first element of the offense will be satisfied.

2.    Second Element: Interstate Shipment

The second element of the offense that the government must prove beyond a reasonable doubt is that the goods in question must have been moving or have been part of an interstate shipment.

The interstate character of a shipment commences at the time the goods intended by a shipper to be shipped to another state finally leave the shipper's possession and come into possession of the carrier.  The shipment continues to be considered an interstate shipment until the property arrives at its final destination and is there completely surrendered to the person designated to receive the goods.

In this regard, it is important that you realize that the government need not prove that the defendants knew the goods were moving in interstate commerce when they were stolen. You need only find that the goods in question were moving, or were part of, an interstate shipment to satisfy the third element of the offense.

3.    Third Element: Requisite State of Mind

The third element of the offense the government must demonstrate beyond a reasonable doubt is that the defendant knowingly and willfully, and without consent stole the property with the intent of converting the merchandise to his own use.

An act is done knowingly if it is done voluntarily, purposely and not because of mistake, accident or mere negligence.

An act is done willfully if it is done knowingly and deliberately.  The defendant need not know he is breaking the law but he must realize what he is doing.

Finally, the intent to convert to one's own use within the meaning of the statute is satisfied if the defendant intended to take the merchandise from the possession of those who were legally entitled to possess it.

As I just stated, the government must prove beyond a reasonable doubt that the defendant knew that the property had been unlawfully taken or stolen.  In this regard, possession of property recently stolen, if not satisfactorily explained, is ordinarily a circumstance from which you may reasonably find, in the light of surrounding circumstances, that the person in possession knew the property to have been stolen.

You are not, however, required to draw this inference.  It is solely up to you as the jury to determine whether the facts and circumstances shown by the evidence in the case warrant the finding that the defendant knew the property was stolen because recently stolen property was in his possession.

In considering whether possession of recently stolen property has been satisfactorily explained, you are reminded that, in the exercise of their constitutional rights, the accused need not take the witness stand and testify in his own behalf.  Possession may be satisfactorily explained, of course, by looking to other circumstances or evidence, independent of any testimony of the accused.

Remember that the burden of proof is on the government to prove beyond a reasonable doubt that the defendant committed the crime charged.

16

4.      Fourth Element: Value of Shipment

The fourth element the government must establish beyond a reasonable doubt is that the value of the property stolen was greater than $1,000.  For the purpose of this element value means the cost or price, either wholesale or retail, whichever is greater.

Authority

Modified from Sand, Instructions 25-1 through 25-6, 25-11.  See also id. Instruction 6-2 (Recently Stolen Property); United States v. Casalinuovo, 350 F.2d 207, 211 (2d Cir. 1965) ("[K]nowledge that the goods were stolen from interstate commerce . . . can usually be established by proof of the unexplained possession recently after the theft in circumstances making innocence unlikely.").

REQUEST NO. 7
(Count Two: Cargo Theft)

Count Two of the Indictment charges the defendants Quincy Thorpe and

Emmanuel Asuquo Okon with committing cargo theft as follows:

> On or about September 24, 2019, within the Eastern District of New
> York, the defendants QUINCY THORPE and EMMANUEL
> ASUQUO OKON, together with others, did knowingly and
> intentionally steal, unlawfully take and carry away from an air
> terminal, airport, aircraft terminal and air navigation facility, to wit:
> JFK Airport, goods and chattels of a value of $1,000 or more, to wit:
> a stolen bag containing United States and foreign currency of
> approximately $258,205 in value, which were moving as, were part
> of and which constituted an interstate shipment of freight, express
> and other property, with intent to convert said goods and chattels to
> their own use.

I have already instructed you on the relevant statute on this subject, Title 18,

United States Code, Section 659, and the elements of the crime of cargo theft.  You should apply

those instructions here.

Authority

Modified from Sand, Instructions 25-1 through 25-6, 25-11.  See also id.
Instruction 6-2 (Recently Stolen Property); Casalinuovo, 350 F.2d at 211.

18

REQUEST NO. 8
(Aiding and Abetting)

In connection with Count Two, the government must prove that each defendant either personally committed the crime or that he aided and abetted the commission of the offense.  The aiding and abetting statute, Section 2 of Title 18 of the United States Code, provides that whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, the government does not need to show that a defendant himself physically committed the crime with which he is charged in order for you to find him guilty.  That is because, under the law, a person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find a defendant guilty of aiding and abetting the offense charged in Count Two if you find beyond a reasonable doubt that the government has proven that another person actually committed the offense and the defendant aided or abetted that person in the commission of the offense.

As you can see, you must find that another person stole cargo as charged in Count Two to find a defendant guilty of aiding and abetting that offense.  Obviously, a defendant cannot be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place.  But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

In order for you to find that a defendant aided and abetted another person in committing a crime, you must find that he knowingly associated himself in some way with the crime and that he participated in the crime by doing some act to help the crime succeed; such an

19

act may include, in the context of cargo theft, assisting in the carrying away of goods from the airport.[1]

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, is not sufficient to establish aiding and abetting.  Neither is merely associating with others who were committing a crime or inadvertently doing something that aids in the commission of a crime without any knowledge that a crime is being committed or about to be committed.  An aider and abettor must know that the crime is being committed and must act in a way that is intended to bring about the success of the criminal venture.

To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions: Did he participate in the crime charged as something he wished to bring about?  Did he knowingly associate himself with the criminal venture?  Did he seek by his actions to make the criminal venture succeed?  If he did, then the defendant is an aider and abettor, and therefore guilty of the offense.  If, on the other hand, your answer to any of these questions is "no," then the defendant is not an aider and abettor, and you must find him not guilty.

<u>Authority</u>

Modified from the jury charges in <u>United States v. Germaine Ramsey</u>, 21-CR-495 (ARR) before the Honorable Allyne R. Ross.  <u>See also</u> Sand, Instructions 11-1 and 11-2; <u>United States v. Scarpa</u>, No. 18-CR-123 (CBA), 2019 WL 7878544 (E.D.N.Y.); <u>United States v. Guzman Loera</u>, No. 09-CR-466 (BMC) (E.D.N.Y.).

---

[1]     <u>See</u> <u>United States v. James</u>, 998 F.2d 74, 80 (2d Cir. 1993) ("The escape phase of the crime of bank robbery is part of the ongoing robbery, not an event occurring after the robbery, for purposes of characterizing the involvement of a party who knowingly and willfully joins in the escape phase only.  Such a party is properly liable as a principal in the crime of bank robbery, rather than as an accessory after the fact.  Therefore, the district court properly instructed the jury that James could be guilty of aiding and abetting even if he only participated in the escape phase of the robbery.").

REQUEST NO. 9
(Conscious Avoidance (if applicable))

You'll recall that earlier I instructed you on what it means to act knowingly.  In determining whether the defendant acted knowingly, you may also consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him.  If you find beyond a reasonable doubt that the defendant acted with, or that the defendant's ignorance was solely and entirely the result of, a conscious purpose to avoid learning the truth, then this element may be satisfied.  However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish, careless or mistaken.

With respect to Count One, if you find that the defendant was aware that there was a high probability that his co-conspirators' objective was to violate the law as charged in Count One, but that the defendant deliberately avoided confirming this fact, you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge of the object of the charged conspiracy.  However, if you find that the defendant actually believed that he or his co-conspirators were acting with a lawful purpose, he may not be convicted on Count One.

There is a difference between knowingly participating in the conspiracy and knowing the objects of the conspiracy.  "Conscious avoidance" or "willful blindness" as I have described it cannot be used as a basis for finding that the defendant willfully joined the conspiracy.  It is logically impossible for a defendant to join the conspiracy unless he or she knows the fact that the conspiracy exists.  However, if you find beyond a reasonable doubt that the defendant chose to participate in a joint undertaking, you may consider whether the defendant deliberately avoided confirming an otherwise obvious fact: that the purpose of the partnership he joined was to violate the law.

21

With respect to Count Two, if you find the defendant was aware of a high probability that he was stealing cargo, and that the defendant acted in deliberate disregard of the facts, you may find that the defendant acted knowingly.  However, if you find that the defendant did not actually believe that he was stealing cargo, he may not be convicted of Count Two.

<u>Authority</u>

Modified from the jury charges in <u>Lap Seng</u> and of the Hon. Kiyo A. Matsumoto in <u>United States v. Evan Greebel</u>, 15-CR-637 (KAM) (E.D.N.Y. 2017); <u>See also</u> Sand, Instruction 3A-2; <u>id.</u> cmt. ("Instruction 3A-2 is appropriate when a defendant has claimed a . . . lack of knowledge as to the unlawful aims of a conspiracy, but the evidence suggests deliberate ignorance."); <u>United States v. Reyes</u>, 302 F.3d 48, 54–55 (2d Cir. 2002) ("doctrine [of conscious avoidance] may be invoked to prove defendant had <u>knowledge</u> of the unlawful conspiracy. But we do not permit the doctrine to be used to prove intent to participate in a conspiracy.  The reason for this distinction is that common sense teaches it is logically impossible to intend and agree to join a conspiracy if a defendant does not know of its existence.  Yet once defendant's participation in a conspiracy has been proved, conscious avoidance may properly be used to prove his knowledge of its unlawful objectives.").

REQUEST NO. 10
(Evidence Obtained Lawfully)

During the trial in this case, you have heard evidence about a variety of investigative techniques and methods of collecting evidence.  I instruct you that any evidence that was presented to you was obtained legally and you can consider it.  The methods used to collect evidence or investigate should not enter your deliberations in any respect.

Authority

Modified from the charge of the Hon. Ann M. Donnelly, United States v. Pikus, No. 16-CR-329 (AMD) (E.D.N.Y.) and Rivera; see also United States v. O'Brien, No. 13-CR-586 (RRM), 2017 WL 2371159, at *12 (E.D.N.Y. May 31, 2017) (approving instruction that all evidence was "obtained lawfully" and "the use of . . . searches to gather evidence is perfectly lawful and the Government has the right to use such evidence in this case"); see also United States v. Barcelo, No. 13-CR-38 (RJS), 2014 WL 4058066, at *14 (S.D.N.Y. Aug. 15, 2014) (approving instruction that all evidence was lawfully obtained).

23

REQUEST NO. 11
(Proof of Motive Not Required)

Proof of motive is not a necessary element of the crime with which the defendants are charged.  Proof of motive does not establish guilt, nor does a lack of proof of motive establish that a defendant is not guilty.

If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what the motive for the crime may be, or whether any motive be shown, but the presence or absence of motive is a circumstance that you may consider as bearing on the intent of a defendant.

Authority

Sand, Instruction 6-18.

24

<u>REQUEST NO. 12</u>
(Other Persons Not on Trial (if applicable))

You have heard evidence about the involvement of certain other people in the crimes charged in the indictment.  You may not draw any inference, favorable or unfavorable, towards the government or the defendant from the fact that certain persons are not on trial before you.  That these other individuals are not on trial before you is not your concern.  You should neither speculate as to the reason these other people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case.  Nor should you draw any inference from the fact that any other person is not present at this trial.  Your concern is solely the defendants on trial before you.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proven these defendants guilty.  Do not let the possible guilt of others influence your decision in any way.  The only issue in this case is whether the government has proven the charges against these defendants beyond a reasonable doubt.

<u>Authority</u>

Modified from the jury charges in <u>Rivera</u> and <u>Napout</u>; <u>see also</u> Sand, Instruction 2-18 (citing the Sixth Circuit Pattern Criminal Jury Instruction 2.01).

<u>REQUEST NO. 13</u>
(Co-Conspirator Statements and Liability)

Count One alleges that the defendants participated in a conspiracy.  In that regard, I admitted into evidence against the defendants the acts and statements of their co-defendant because these acts and statements were committed by persons who, the government charges, were also confederates or co-conspirators.

The reason for allowing this evidence to be received against each defendant has to do with the nature of the crime of conspiracy.  A conspiracy is often referred to as a partnership in crime.  Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

Thus, if you find that either defendant was a member of a criminal conspiracy charged, then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy, may be considered against the defendant.  This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge.

Before you may consider the statements or acts of a co-conspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy, or

26

if they were not done or said in furtherance of that conspiracy, they may not be considered by

you as evidence against the defendant as to that conspiracy.

<u>Authority</u>

   Modified from the jury charges in <u>Rivera</u>, of the Hon. Sterling Johnson, Jr.
in <u>United States v. Scalisi</u>, 10-CR-46 (E.D.N.Y.) and of the Hon. Kiyo A.
Matsumoto in <u>United States v. Barret</u>, 10-CR-806 (E.D.N.Y.)

REQUEST NO. 14
(Consciousness of Guilt from False Exculpatory Statement (if applicable))

You have heard testimony that the defendant Okon made certain statements outside the courtroom to law enforcement authorities in which the defendant claimed that his conduct was consistent with innocence and not with guilt.  The government claims that these statements in which he exonerated or exculpated himself are false.

If you find that the defendant Okon gave a false statement in order to divert suspicion from himself, you may, but are not required to infer that the defendant believed that he was guilty.  You may not, however, infer on the basis of this alone, that the defendant Okon is, in fact, guilty of the crime for which he is charged.

Whether the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

Authority

Sand, Instruction 6-11; see also the charge of the Hon. Eric N. Vitaliano, United States v. Bayfield, No. 14-CR-356 (ENV), 2017 WL 835681 (E.D.N.Y. Feb. 3, 2017).

28

<u>REQUEST NO. 15</u>
(Admission of a Co-defendant (if applicable))

As I said, you have heard testimony that the defendant Okon made certain statements outside the courtroom to law enforcement authorities in which the defendant claimed that his conduct was consistent with innocence and not with guilt and that you may, but are not required to, infer that the defendant Okon believed that he was guilty.

Nonetheless, you are cautioned that the evidence of one defendant's statement to the authorities after his arrest about his own conduct may not be considered or discussed by you in any way with respect to any defendant on trial other than the defendant who made the statement.

<u>Authority</u>

Sand, Instruction 5-20.

<u>REQUEST NO. 16</u>
(Defendant's Right Not to Testify (if applicable))

The defendant[s] did not testify in this case.  Under the Constitution, [he has/they have] no obligation to testify or present any other evidence because it is the prosecution's burden to prove guilt beyond a reasonable doubt.  That burden remains with the prosecution throughout the entire trial and never shifts to the defendant[s].  The defendant[s] in a criminal case [is/are] never required to prove that [he/they] are innocent.

You may not attach any significance to the fact that the defendant[s] did not testify.  No adverse inference against [him/them] may be drawn because [he/they] did not take the witness stand.  You may not consider this in any way in your deliberations.

<u>Authority</u>

Modified from Sand, Instruction 5-21.

REQUEST NO. 17
(Testimony of Defendant (if applicable))

In a criminal case, a defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.  In this case, the defendant decided to testify.  You should examine and evaluate the testimony of the defendant just as you would the testimony of any witness with an interest in the outcome of this case.

Authority

Modified from the jury charges in Shkreli and Rivera; Sand, Instruction 7-4.

REQUEST NO. 18
(Expert Witnesses (if applicable))

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

Authority

Modified from the jury charges in Shkreli and Rivera; Sand, Instruction 7-21.

REQUEST NO. 19
(Character Evidence (if applicable))

The defendant has called witnesses who have testified to his good reputation in the community.  This testimony is not to be taken by you as the witness's opinion as to whether the defendant is guilty or not guilty.  That question is for you alone to determine.  You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Such character evidence alone may indicate to you that it is improbable that a person of good reputation would commit the offense charged.  Accordingly, if, after considering the question of the defendant's good reputation, you find that a reasonable doubt has been created, you must acquit him of all the charges.

On the other hand, if, after considering all of the evidence, including that of the defendant's reputation, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe he is a person of good reputation.

Authority

Sand, Instruction 5-14.

33

REQUEST NO. 20
(Preparation of Witnesses)

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  Indeed, it would be unusual and surprising for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Authority

Modified from the jury charge of the Hon. Joseph F. Bianco in United States v. Suarez, No. 16-CR-403, 2019 WL 7865187 (E.D.N.Y. May 21, 2019); see also the jury charge of the Hon. Richard J. Sullivan in United States v. Peirce, 06-CR-1032 (S.D.N.Y. 2008).

REQUEST NO. 21
(Uncalled Witnesses Equally Available (if applicable))

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The burden of proof to prove the charges beyond a reasonable doubt remains with the government at all times.

Authority

Modified from the jury charges in Ng and Lange; Sand, Instruction 6-7.

REQUEST NO. 22
(Charts and Summaries (if applicable))

The government has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

Authority

Sand, Instruction 5-5.

36

<u>REQUEST NO. 23</u>
(Redactions (if applicable))

Among the exhibits received in evidence, there are some documents that are redacted.  "Redacted" means that part of the document was taken out.  You are to concern yourself only with the part of the document that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been redacted.

<u>Authority</u>

Modified from <u>Ng</u> and the jury charge of the Hon. Kimba M. Wood, <u>United States v. Cespedes-Pena</u>, 14-CR-520 (S.D.N.Y. 2015).

CONCLUSION

The government respectfully requests that the Court include the foregoing in its instructions to the jury.  In addition, the government requests the opportunity to submit further instructions or amend those submitted as appropriate.

Dated: Brooklyn, New York
       August 4, 2023

                                        Respectfully submitted,

                                        BREON PEACE
                                        United States Attorney

                              By:     /s/
                                        John Vagelatos
                                        Dylan A. Stern
                                        Assistant U.S. Attorneys

cc:     Clerk of the Court (MKB) (by ECF and Email)
        All counsel of record (by ECF and Email)